**People of the State of Illinois, Appellee, v. Albert Drink, Appellant.**

**Gen. No. 50,798.**

First District, Third Division.

February 2, 1967.

Sam Adam, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

Albert Drink was indicted and convicted for the crime of attempt. He was sentenced to one to six years in the penitentiary.

At his trial by the court without a jury the evidence disclosed that Chicago policemen, searching for the robbers of a taxicab driver, observed Drink firing a gun at a window across the street from where he was standing. One of the officers jumped out of the police car and, when about 40 yards from Drink, called out "Police Officers!" Drink turned, fired at the officer and ran into a building. He was captured on the inside stairway of the building.

On appeal the defendant contends that the indictment was jurisdictionally defective and that he was denied his constitutional right to trial by a jury.

The first issue concerns the sufficiency of the indictment. It alleged that:

> ". . . on the 19th day of July 1963, at and within . . . [Cook] County ALBERT DRINK committed the offense of attempt, in that he, with . . . intent to commit murder, attempted to kill Gerald M. Lewandowski. . . ."

The Criminal Code describes the offense of attempt as follows:

"A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." (Ill Rev Stats 1961, c 38, § 8–4(a).)

The defendant admits that the indictment set forth the requisite intent and the specific offense attempted but urges that it did not adequately describe an act which constituted a substantial step toward commission of the offense. He further argues that even if the indictment charged all the essential elements of the offense, it was defective in failing to allege the facts and circumstances of the offense and hence was insufficient to inform him of the nature and cause of the accusation in such a manner as to enable him to plead his conviction as a bar to further prosecution for the same offense.

 The indictment did charge the commission of an act as required by the statute by the allegation that Drink "attempted to kill Gerald M. Lewandowski." An attempt to kill is clearly an act constituting a substantial step toward commission of the offense of murder. Although the indictment did not describe the particular method of the attempt it was unnecessary for the State to plead such evidentiary details. See People v. Hughey, 382 Ill 136, 47 NE2d 77 (1943); People v. Meaderds, 21 Ill2d 145, 171 NE2d 638 (1961). The essence of the crime of assault with intent to murder, or attempt murder, is the specific intent to take life (People v. Coolidge, 26 Ill2d 533, 187 NE2d 694 (1963)), and in a case of this kind the indictment need not set out the manner of the assault with any degree of particularity. Hamilton v. People, 113 Ill 34 (1885). The indictment alleged that the defendant attempted the murder of a specified person on a specified date. This adequately informed the defendant of the nature and cause of the accusation (Con-

stitution of Illinois, art II, § 9), enabled him to make preparation for his defense and to plead the judgment (supplemented if necessary by the record, transcript or testimony as to the specific facts involved) in bar of a subsequent prosecution.

The defendant's second point is that he was not properly and adequately informed of his right to a jury trial. On October 7, 1963, an attorney of the defendant's own choice entered his appearance. The defendant was arraigned on October 11th, entered a plea of not guilty and the cause was continued to November 4, 1963. The common-law record recites that on November 4th:

> ". . . the said Defendant and his Counsel now here propose to waive the intervention of a jury and submit this cause to the Court for trial and the Court having fully advised the said Defendant of his right to a trial by jury, said Defendant still adheres to his proposition to waive such right and by agreement between the State's Attorney Counsel for the People and the said Defendant and his Counsel, this cause is submitted to the Court for trial and the intervention of a Jury waived."

The record also contains a waiver of jury trial signed by the defendant on that date. On May 22, 1964, the case was called for trial. The trial judge was not the judge who had advised the defendant of his right to jury trial. The defendant's attorney announced that the defendant was ready for trial; the witnesses were sworn; a preliminary motion was made and then the State presented its first witness. The trial was without a jury and the trial judge did not tell the defendant that he had a right to one.

██ To safeguard the right to a jury trial our courts have assumed the duty of seeing that an accused's election to forego a jury trial is made expressly and with understanding. That duty cannot be perfunctorily dis-

charged. People v. Fisher, 340 Ill 250, 172 NE 722 (1930). This defendant was informed of his right by a court and was assisted by counsel in making his choice. He signed a jury waiver. Nothing in the record indicates that he was coerced to waive his right. Nothing in the record impeaches the evidence that he was fully apprised of his right and that his waiver was expressly and understandingly made.

Since the defendant had in open court understandingly waived his right to a trial by jury (Ill Rev Stats 1963, c 38, § 103–6), the fact that the trial judge did not give him a second explanation of his right does not constitute reversible error. The defendant had the assistance of counsel when he elected to waive a jury trial and when the nonjury trial began. At the commencement of the trial he did not indicate in any manner that he sought to withdraw his waiver—instead, his counsel stated that the defendant was ready for trial. Only the defendant and his counsel could know whether the defendant, having once waived his right to a jury trial, now intended to exercise it; and if he did so intend, it was their responsibility to bring his change of mind to the attention of the trial court.

The conviction is affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.

ON REHEARING

July 13, 1967.

The defendant's petition for rehearing was granted so that consideration could be given to an opinion of the Supreme Court that had not been printed in the advance reports at the time our opinion in this case was filed,

which the defendant asserted was "unequivocally and diametrically opposed" to our decision.

The case was People v. Griffin, 36 Ill2d 430, 223 NE2d 158 (1967). Griffin was charged with reckless driving in that on a certain street and date he drove his vehicle with a willful and wanton disregard for the safety of persons or property. The court reaffirmed its decision in People v. Green, 368 Ill 242, 13 NE2d 278 (1938) and held that the complaint, although in the language of the statute, did not advise Griffin of the nature and elements of the offense, did not advise him of the particular acts relied upon to sustain the charge and did not afford him full protection against double jeopardy. The court stated:

> "For example, if a defendant drove at an excessive rate of speed, ran through three successive red lights and also drove on the wrong side of the road, and then pleaded guilty to a complaint phrased like the one now before us, his protection from subsequent prosecution for each specific offense is sufficiently dubious to contravene the purpose of section 9 of article II of the constitution."

The defendant insists that the Griffin rationale is applicable to his indictment because, assuming that on July 19, 1963, he made several attempts to kill Gerald Lewandowski, it failed to inform him which attempt he had to defend and, if he pleaded guilty, it would not bar subsequent prosecutions for any of the attempts. He hypothesizes that he could have attempted to kill Lewandowski at different times on the same day by poisoning him, running him over with an auto, strangling or shooting him.

The defendant ignores the distinction between the nature and elements of the offense (which must be set forth in the indictment, Ill Rev Stats, 1965, c 38,

§ 111–3(a)) and the evidentiary details of a crime (which may be obtained by a bill of particulars or made a matter of proof at trial). The type of weapon used, or the means used, are not part of the nature and elements of the offense of attempt to murder. The elements are the attempt to kill coupled with the specific intent to commit murder, and these were alleged in the indictment. In People v. Bonner, — Ill2d — (1967), which was decided two months after People v. Griffin, the indictment alleged that Bonner committed the offense of attempt in that he, with the intent to commit rape, attempted to compel a female, not his wife, to submit to an act of sexual intercourse by force and against her will. The court held that the elements of the crime (1) the attempt with intent to commit rape and (2) the substantial step in that direction—the use of force against the complainant's will—were sufficiently alleged in the indictment to enable Bonner to prepare his defense and sustain a plea in bar of any further prosecution for the same offense. The Bonner case is more in point than Griffin. In both the instant case and Bonner the indictments charged the crime of attempt. The reasoning and conclusion in the Bonner case apply to the instant case. In fact, an indictment charging intent to commit murder by attempting to kill is more distinct than one charging intent to commit rape by attempting sexual intercourse by force against a female's will. A person may attempt to kill without an intent to murder, for he may kill in defense of his own life. But a person cannot attempt to compel a female, not his wife, to submit to sexual intercourse by force and against her will without an intent to rape, for rape is sexual intercourse by force and against the female's will. Ill Rev Stats, 1965, c 38, § 11–1.

If each of the defendant's hypothetical attempts on Lewandowski's life had been by the same method, only specification of the time of each attempt would apprise him which attempt he would have to defend, and, as

the Griffin case itself points out, such information need not be given in an indictment. Moreover, there is no more danger of double jeopardy than in the usual case, such as robbery or burglary, where an indictment charges that a defendant robbed a particular individual or burglarized a particular dwelling. The defendant argues that if he had pleaded guilty there would be no testimony as to the specific facts of the case and no transcript to protect him in the future. This argument overlooks the fact that the charge is a felony and that in Cook County the proceedings in felony cases upon pleas of guilty are recorded; the court hears testimony or a stipulation of facts in order to see if the evidence establishes the offense charged and the defendant's guilt and also to determine what his punishment should be.

The indictment in the present case charged Drink with attempting to kill with intent to murder a particular person, on a particular day in a particular county. The defendant waived the reading of the indictment, requested no bill of particulars and did not claim surprise at the trial. He knew the nature, the elements and the details of the offense for which he was indicted. He had a trial and the record of the proceedings, as well as the indictment, are available to protect him from a second prosecution for the same offense.

The indictment was sufficient and our decision remains unchanged.