(No. 41952.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. BEN BEY, Appellant.

*Opinion filed March 30, 1972.*

WARD, J., took no part.

PETER BOZNOS, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES R. TRUSCHKE, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

After a jury trial in the circuit court of Cook County defendant was convicted of burglary and sentenced to the penitentiary for a term of 10 to 20 years. He appeals alleging: (1) suggestive identification procedures denied him due process of law; (2) the prosecutor's inflammatory and prejudicial remarks in closing argument deprived him a fair trial; and (3) incorrect descriptions of pending indictments against him offered at the hearing in aggravation and mitigation resulted in an excessive penalty.

Shortly after midnight on May 2, 1961, Mrs. Dorothy Radner was awakened by a noise in her bedroom and saw a man going through her dresser drawers. She called to her husband who, on entering the room, saw only the back of a man who was then standing behind the bedroom door. The Radners then went to a neighbor's apartment and called the police.

Officers Foley and Preische, responding to the call, arrived at the building and obtained a description of the intruder from Mrs. Radner. The man was described as a Negro, five feet ten or eleven inches in height, weighing about 170 pounds, with a square jaw, short cropped hair, light brown complexion and wearing a dark jacket and trousers. Then the officers went to the rear of the building where Officer Foley heard noises but, upon investigation, was unable to determine the source.

A few moments later, while both officers were parked in an alley completing their report, they saw a man whom Officer Foley identified as the defendant, emerge from between two buildings and proceed down a well-lighted street. As he walked, he was loosening a dark jacket. The officers gave chase and apprehended the defendant who stated that he was coming from the beach. Defendant was not wearing any jacket although Officer Foley testified that the officers were wearing winter jackets because it was "rather cold." A jacket, which Officer Foley testified matched the description of the one he saw defendant loosening, was found underneath a car in the area where

defendant was apprehended. A search of this jacket disclosed a nail file.

The defendant was immediately returned to the building where several of the tenants, including the Radners, were still in the hallway. Mrs. Radner positively identified the defendant as the man who had been in her bedroom earlier that night. The Radners also identified the nail file found in the jacket pocket as having been taken in the burglary.

Defendant now contends that the "show up" immediately after his arrest was unnecessary and conducted under such unduly suggestive conditions that he was denied due process. Citing *Stovall v. Denno (1967), 388 U.S. 293, 18 L.Ed.2d 1199, 87 S.Ct. 1967,* he argues that there was no justification for this confrontation with the witnesses after his arrest, and that the proper procedure would have been a lineup at the police station. We do not agree. In *People v. Young, 46 Ill.2d 82,* a similar viewing of the defendant by witnesses soon after the crime was held proper. We recognized that such show-ups are important to the rapid and effective solution of crimes and "police officers who failed, in circumstances like these, to determine at once whether or not the victim of the crime could identify the men in custody as the men who had committed the crime, would be subject to criticism." 46 Ill.2d 82, 87. Thus, we cannot say that the showing of the defendant, coming as it did so soon after the crime and at the building where the crime occurred, was violative of any of defendant's rights. *People v. Newell, 48 Ill.2d 382.*

Assuming, however, the validity of his argument that the identification procedure may have been suggestive, defendant's contention is without merit for the record reveals that the witness's in-court identification was based upon an origin independent of any unduly suggestive identification procedure. Mrs. Radner had ample opportunity to view defendant for several minutes and gave a detailed description to the police shortly after the crime,

which description matched that of the defendant. We reject his contention that she did not have an adequate opportunity to view the intruder because her bedroom was poorly lighted, for we have upheld identification where the conditions were less than ideal. *People v. Clarke, 50 Ill.2d 104.*

Defendant also contends that the evidence was insufficient for conviction because of the improper identification. However, the record demonstrates that not only did Mrs. Radner identify him but also Officer Foley identified him as the man who ran from the alleyway and threw away the jacket which matched Mrs. Radner's description and contained the proceeds of the burglary. From the facts presented we cannot say that the jury's finding was "palpably contrary to the manifest weight of the evidence." *People v. Nicholls, 42 Ill.2d 91, 95.*

Defendant also contends that certain statements made by the prosecution in its closing statements to the jury deprived him of a fair trial. In his closing argument, defense counsel stated: "[T]his is a case in which a citizen of the United States says I am not guilty." In response, the prosecution stated: "This hasn't been said. Nothing has been said." Defense counsel's objection and motion for a mistrial were denied. Defendant now argues that this was an impermissible reference to defendant's failure to testify resulting in "plain error" (Ill.Rev.Stat. 1961, ch. 38, par. 155—1) and was further compounded by the prosecution's references to the fact that the evidence was uncontradicted.

We find that defense counsel invited the prosecutor's response that nothing had been said and cannot complain of being prejudiced. *(People v. Lewis, 25 Ill.2d 442, 446.)* Defendant introduced no evidence, and in such cases we have held that prosecution statements that the evidence was uncontradicted do not amount to a reference that defendant failed to testify. *(People v. Norman, 28 Ill.2d 77, 81.)* Furthermore the trial court, in the present case, instructed the jury that defendant did not have to testify

and that his failure to do so must not be considered as evidence of his guilt. Under these circumstances we find no error.

Defendant maintains that the references made by the prosecution over defense objection that the victims were "lucky" to escape were improper in that no evidence was presented to show that the victims were in any danger of bodily harm. The facts do show, however, that the victims were an elderly couple, and the husband had a heart condition. Even absent a showing of clear danger to the physical well being of the victims, we do not believe these statements were unduly prejudicial and require a reversal of defendant's conviction. *People v. Hairston, 46 Ill.2d 348.*

Finally, defendant argues that incorrect reference to a pending indictment presented at the hearing in aggravation and mitigation warrants a reduction of sentence. At the hearing the State presented defendant's past record which included sentences of a year for burglary, a year for malicious mischief, and 10 months for petty larceny. Reference was also made to a pending indictment for a burglary of another apartment in the Radner's building. (Defendant's conviction for burglary based upon this second indictment was affirmed at 42 Ill.2d 139.) Defendant contends that the State described him as having sexually assaulted the occupant described in this indictment. We have repeatedly held that proof of a pending indictment is properly presentable in aggravation as are a wide variety of other factors *(People v. Spicer, 47 Ill.2d 114),* and the trial court is presumed to recognize incompetent evidence and disregard it. *(People v. Fuca, 43 Ill.2d 182.)* We do not believe that the indictment was incorrectly characterized, but even if it were, the rule of *Fuca* would raise a presumption that it did not enter into the court's consideration. The defendant in the instant case had been imprisoned on three different occasions, one of which was for burglary. The sentence imposed was within the statutory limits and the facts do not warrant a

reduction of the sentence imposed by the trial court absent a clear showing of error. *People v. Caldwell, 39 Ill.2d 346.*

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.