THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KAREN LEMKE, Defendant-Appellant.

(No. 75-120; ▐▐▐▐▐▐▐)

Second District (2nd Division)—November 21, 1975.

Ralph Ruebner and Ira A. Moltz, both of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, Karen Lemke, was indicted by a Winnebago County grand jury on two counts of unlawful delivery of cocaine in violation of the Illinois Controlled Substances Act. (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(b).) Upon a jury verdict of guilty on both counts, she was sentenced to concurrent prison terms of one to three years. She contends on appeal that the trial judge erred in the sentencing hearing by considering evidence of offenses allegedly committed by defendant of which she had not been convicted and that the trial court abused its discretion in denying her probation.

The evidence showed that two undercover narcotics officers went to defendant's apartment in the evening of July 26, 1974, and each purchased foil packets of cocaine from defendant for $10. The total amount of cocaine sold was .2 gram.

The presentence report showed defendant to be a 21-year-old daughter of a Rockford family. She had been fired from her job because of her arrest. She had been married, but was divorced. After her divorce she lived for roughly 6 months in her own apartment, where the instant offense occurred. After her arrest she moved into her parents' home and lived there until her imprisonment.

Defendant testified that she did not use drugs since briefly using amphetamines in high school. She indicated that she planned to continue living with her parents and go on to school. Her probation officer recommended probation and that her school plans be encouraged.

Defendant had no previous convictions, but the report mentioned a pending case involving a violation of the Controlled Substances Act on July 11, 1974 (subsequently dismissed), and pending charges, not yet

before the grand jury (and subsequently dismissed), of violation of the Controlled Substances Act, violation of the Firearms and Ammunition Act, and violation of the Cannabis Control Act on August 14, 1974.

Detective Combs, one of the officers to whom defendant delivered the cocaine, testified that on July 11, 1974, defendant had made a phone call to get some cocaine for him, but could get none until the next day. Instead she sold him three amphetamine pills for a dollar. She told Combs that cocaine was $75 a gram. Combs stated that he phoned defendant on August 13, 1974, and said he wanted an ounce of cocaine, which defendant said would cost $1,400. Combs never did purchase any cocaine as a result of either of the above inquiries. No objection was made to this testimony.

Detective Bast, the other officer to whom defendant delivered cocaine, testified that on August 14, 1974, he and another officer went to defendant's apartment with a search warrant. They found a loaded .22 pistol, some cannabis, several foil packets of cocaine, and "a fairly large amount of cocaine." As a result defendant was charged with a misdemeanor violation of the Firearms Act. The officer did not know if defendant had been bound over to the grand jury for the cocaine possession. No objection was made to this testimony.

The other officer who searched defendant's apartment testified that the amount of cannabis found was 27 grams and the amount of cocaine 34 grams. It was only after this officer began to elaborate as to the procedures employed in securing and identifying these drugs that defense counsel interposed an objection.

Defendant testified that she gave the amphetamines to Combs because he said he needed something to stay awake on a drive to Florida and Combs insisted on giving her a dollar, though she did not want to take it. She denied the July 11, 1974, phone call Combs referred to and said that she only began to look for cocaine after Combs repeatedly called her about it because she liked him. She also stated that she was enrolled in college in Rockford and had just started a new job.

Defendant's parents testified that they were completely willing to provide a home and schooling for defendant. A neighbor testified that defendant had babysat for her and that she had no reservations about leaving her baby girl with defendant.

Defendant contends that the testimony concerning the July 11, 1974, and August 14, 1974, incidents was improperly allowed at the hearing. The remarks of the judge below indicate that he was taking into account the testimony as to cocaine being found in defendant's apartment on August 14, 1974. The general rule, to which there are significant excep-

tions, is that bare arrests which have not resulted in conviction are not admissible at a sentencing hearing. *People v. Riley*, 376 Ill. 364, 367; *People v. Jackson*, 95 Ill.App.2d 193.

■■ The evidence concerning defendant's conduct on August 14 was a proper subject of judicial inquiry and was clearly relevant to the issues involved in a sentencing hearing in aid of the court's determination of the defendant's propensities and of her rehabilitation potential. This was not bare evidence of arrests which have not resulted in conviction but a full presentation of facts and circumstances where the evidence was introduced formally with due opportunity for confrontation, cross-examination and rebuttal. We do not agree with defendant's contention that this evidence could not be properly considered in this hearing. It is clear that the court was not punishing the defendant for the other offenses by indirection since she was given the 1-year minimum sentence for the crime for which she was convicted. *Cf. People v. Loomis*, 132 Ill.App.2d 903, 905; *People v. Kelley*, 44 Ill.2d 315, 318; *People v. Gaines*, 21 Ill.App.3d 839, 846. See also Annot., 96 A.L.R. 2d 768, 790, 791, 798 (1964).

As suggested in *People v. Schleyhahn*, 4 Ill.App.3d 591, 597:

> "It is hard to see how a court * * * may look for the facts of the crime itself and may search anywhere within reasonable bounds for other facts which tend to aggravate or mitigate the offense and may inquire into the general moral character of the offender, his mentality, his habits, his social environment, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, the stimuli which motivate his conduct, and know something of his life, family, occupation and record, *but* must exclude from such search, look and inquiry any conduct which can be characterized as criminal."

■■ Defendant argues an abuse of discretion in denying probation. A reviewing court should reduce a term of imprisonment to a term of probation only where, "* * * after close examination and scrutiny, it is apparent that the trial court abused its discretion in denying the defendant's request for probation." (*People v. Rednour*, 24 Ill.App.3d 1072, 1077.) On the evidence elicited at the hearing, we cannot find an abuse of discretion.

For the foregoing reasons, the judgment of the Circuit Court of Winnebago County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.