THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL E. JONES, Defendant-Appellant.
Second District (2nd Division) No. 74-338

Opinion filed March 11, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was tried by a jury, found guilty of grand theft and sentenced to imprisonment for a period of two to six years. On appeal, he contends that his sentence was based upon incompetent, inflammatory and prejudicial testimony.

At the sentencing hearing, three witnesses testified concerning two incidents for which defendant was charged, such incidents having occurred between the time of defendant's arrest for grand theft and the sentencing hearing. The first incident allegedly occurred while defendant was in the Winnebago County Jail in January, 1974, and the second at a house in Rockford in June, 1974. Over defendant's objection, a deputy sheriff testified that defendant, while in custody after his arrest on the grand theft charge, threatened to, and in fact, did attack another inmate, because he (defendant) was not allowed to make a phone call. Defendant was charged with battery. The victim, who was beaten unconscious, testified at the hearing that he did not provoke defendant's attack. A third witness testified that defendant attacked him following

a dispute which arose after the witness first agreed to and then refused to rent a room from defendant. Defendant repeatedly hit the witness with a board causing head lacerations which required 13 stitches. Defendant was charged with aggravated battery.

Defense counsel objected to the introduction of the above evidence on the grounds that any rebuttal defendant might make to this testimony might incriminate him since the two charges were not yet adjudicated, and that the trial judge might determine defendant's guilt or innocence on these charges without a full hearing. The trial judge responded:

> "I don't assume that this gentlemen is guilty of the things the jailer testified to or James [a witness] testified to, because as far as I am concerned he stands innocent, and they have just indicated their versions of what went on that involves Mr. Jones. I don't convict him. I would assume that if he took the stand, and I am not asking him to, that his version would be different."

Defendant's attorney did allow defendant's version of the second incident, contained in a presentence report prepared for the court, to stand. Therein defendant stated that he hit the witness after he reneged on his agreement to stay at the defendant's place and then poured beer over defendant's couch.

The defendant testified that he was 20 years old, and lived at Rockford all his life (as did his parents and siblings); that he was employed during the time between the theft conviction and the aggravated battery charge and believed that he could get his job back; that he planned to be married; that he used drugs occasionally but was willing to participate in a drug program. Defendant had been convicted previously for driving while his license was revoked, and had pled guilty to a battery charge for which he was fined. Prior to sentencing the defendant, the trial court stated:

> "I don't think that you should be returned to the same life that you have been having. I think it is detrimental to you. I don't know whether the sentence I am going to give you is going to help. I know you can't go back to the life you had before because you are going to get killed or hurt somebody bad."

Defendant here contends that his sentence should be vacated and the cause remanded for a new hearing because the admission of evidence concerning the charges pending was prejudicial.

The hearing in question was held pursuant to the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, §1005—4—1(a)), which states:

> "After a determination of guilt, a hearing shall be held to impose the sentence. At the hearing the court shall:

(1) consider the evidence, if any, received upon trial;

(2) consider any presentence reports;

(3) consider evidence and information offered by the parties in aggravation and mitigation;

(4) hear arguments as to sentencing alternatives; and

(5) afford the defendant the opportunity to make a statement in his own behalf."

■■ It is defendant's position that evidence of prior arrests not resulting in convictions is inadmissible in a sentencing hearing unless the defendant admits the arrests or the evidence is offered pursuant to a stipulation. It is true, as defendant contends, that bare arrests which have not resulted in convictions are not admissible at a hearing on aggravation and mitigation. (*People v. Riley*, 376 Ill. 364, 367 (1941); *People v. Jackson*, 95 Ill. App. 2d 193, 200 (1968).) Proof of a pending indictment, however, as in the instant case, is properly presentable in a hearing on aggravation and mitigation. (*People v. Bey*, 51 Ill. 2d 262, 267 (1972).) The rationale for allowing evidence of pending indictments is to afford the trial judge a fuller knowledge of the defendant's prior conduct so that he may sentence accordingly. "To exclude conduct that is 'criminal' but to admit proof of conduct amounting to something less, is self-defeating, if, as we have said, the more the judge knows the better." (*People v. Schleyhahn*, 4 Ill. App. 3d 591, 596 (1972).) In the instant case, the evidence gave a full presentation of facts surrounding defendant's conduct and related to his potential for rehabilitation. The evidence was not incompetent as rank hearsay: the victims of defendant's assaults were present to be confronted and cross-examined by defendant. In addition, the trial judge stated that he was not passing judgment on defendant's guilt or innocence in the pending charges.

■■ Although defendant's sentence was above the minimum, its length does not indicate that the trial judge was sentencing him for the aggravated battery charges. Rather, the sentence reflects the trial court's awareness of defendant's conduct as it related to his potential for rehabilitation, a consideration which the court is duty bound to evaluate in determining sentence. Inquiry into that prior conduct which resulted in criminal charges against defendant was within reasonable bounds, and the information adduced was properly considered by the trial judge. *People v. Kelley*, 44 Ill. 2d 315, 318 (1970); *People v. Lemke*, 33 Ill. App. 3d 795 (1975).

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.