THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE WASHINGTON DAVIS, Defendant-Appellant.

Second District (1st Division)   No. 75-126

Opinion filed May 27, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

George Washington Davis was convicted by a jury of armed robbery and sentenced to 10 to 30 years' imprisonment. He appeals, contending (1) certain evidence should have been suppressed as a result of an unlawful search of his hotel room; (2) the trial court erred during the

sentencing hearing by considering evidence of an offense allegedly committed by the defendant for which he had neither been indicted nor convicted; and (3) the sentence of 10 to 30 years is excessive and should be reduced. We find these contentions to be without merit and affirm.

At trial, the defendant was identified by a bakery owner and his wife as the man who entered the rear of their shop and threatened and robbed them with a sawed-off shotgun on the evening of August 1, 1974. They also identified a shotgun and some clothing found by the police in the defendant's hotel room as the weapon used and the clothing worn during the commission of the crime. While the holdup was in progress, the vehicle driven by the defendant was observed by a neighbor who called the police and provided them with a description of the car and its license number. A car matching this description was found parked on a street in Zion the next morning where it was observed by the police until the defendant arrived and was arrested.

At the station, officers informed the defendant of his rights under *Miranda* and he signed a waiver of rights form and a consent to search form. Pursuant to this consent, officers searched the defendant's hotel room and found the weapon and clothing later introduced at trial.

We consider first the validity of the defendant's in-custody consent to search his hotel room. The defendant maintains that he did not knowingly waive his Fourth Amendment rights because the police failed to expressly inform him of his right to refuse permission. After being informed of his rights, the defendant signed a form entitled "Permission to Search" which stated, "I am giving this written permission to the officers freely and voluntarily, without any threats or promises having been made, and after having been informed by said officers that I have a right to refuse this search and/or seizure."

■■ In discussing voluntary waiver of Fourth Amendment rights, the United States Supreme Court has stated "while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing voluntary consent." (*Schneckloth v. Bustamonte* (1972), 412 U.S. 218, 249, 36 L. Ed. 2d 854, 875, 93 S. Ct. 2041.) Illinois courts have adopted the rule that a valid consent may be given even though the defendant was not expressly advised of his right to refuse consent. (*People v. Cannon* (1975), 25 Ill. App. 3d 737, 323 N.E.2d 846.) While the record in the instant case fails to reflect that the subject was verbally informed of his right to refuse permission to search, two police officers testified that the defendant read the consent form before he signed it, and appeared to understand its contents. On the basis of the record, we cannot agree with the defendant's contention that his consent was not given voluntarily.

The defendant next contends it was error for the trial court to consider certain testimony during the sentencing hearing. The State examined two witnesses who identified the defendant as the man who robbed them with a shotgun approximately 5 hours after the incident in question occurred. The defendant maintains that such testimony should not have been allowed since he was neither charged nor convicted of any crime in connection with this unrelated incident.

The general rule, to which there are significant exceptions, is that bare arrests which have not resulted in conviction are not admissible at a sentencing hearing. (*People v. Riley* (1941), 376 Ill. 364, 33 N.E.2d 872.) The instant case presents one of these exceptions and the argument raised by the defendant was recently before this court in *People v. Lemke* (1975), 33 Ill. App. 3d 795, 338 N.E.2d 226. In that case, the defendant was convicted of the unlawful delivery of cocaine and at her sentencing hearing police officers testified that on two occasions other than the one giving rise to the conviction the defendant engaged in the unlawful sale of narcotics to these witnesses personally. In upholding the propriety of such testimony at a sentencing hearing, Mr. Justice Dixon stated at page 798 in that opinion: "The evidence concerning defendant's conduct on August 14 was a proper subject of judicial inquiry and was clearly relevant to the issues involved in a sentencing hearing in aid of the court's determination of the defendant's propensities and of her rehabilitation potential. This was not bare evidence of arrests which have not resulted in conviction but a full presentation of facts and circumstances where the evidence was introduced formally with due opportunity for confrontation, cross-examination, and rebuttal."

■█ █ In the instant case, the testifying witnesses were subject to cross-examination and the facts and circumstances surrounding the incident related were thoroughly examined. In *People v. Adkins* (1968), 41 Ill. 2d 297, 301, 242 N.E.2d 258, the Supreme Court held that a trial judge sitting in mitigation and aggravation " '* * * may inquire into the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, the stimuli which motivate his conduct, and, as was said in *People v. Popescue*, 345 Ill. 142, the judge should know something of the life, family, occupation, and record of the person about to be sentenced.' " In keeping with the spirit of *Adkins*, we agree that the trial judge should be allowed great latitude in examining the character of the offender as long as he exercises care to insure the accuracy of information considered.

■█ Finally, the defendant maintains the sentence of 10 to 30 years for armed robbery should be reduced because it is excessive. A sentence imposed by the trial judge who had the opportunity to observe the

defendant at the trial below, and was in a better position to evaluate the likelihood of rehabilitation than a reviewing court, should not be reduced without substantial reason. (*People v. Taylor* (1965), 33 Ill. 2d 417, 211 N.E.2d 673; *People v. Kincaid* (1974), 21 Ill. App. 3d 851, 316 N.E.2d 220.) The trial judge reviewed a probation report, indicating a history of prior offenses, most of which involved the use of weapons, and noted before passing sentence that "this young man appears to have a habit of going for guns." In light of this propensity, and the aggravated nature of a robbery committed with a sawed-off shotgun, we feel the trial judge made a sound determination of the sentence to be imposed and we will not disturb it.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.