THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT DeBORD, Defendant-Appellant.

Fourth District   No. 13874

Opinion filed June 23, 1978.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

This case comes on appeal following a jury verdict finding defendant guilty of forgery. Defendant was sentenced to 1½ to 4½ years' imprisonment in the penitentiary.

Craig Ewald, a loan officer at the Bank of Illinois in Normal, testified that in October of 1973, he made an $1800 loan to defendant after defendant's brother, John, co-signed the note. On January 22, 1974, Ewald received a phone call from defendant who wished to borrow an additional $2000. Ewald also required John's signature on the second note. Later that same day, Ewald received a call from defendant. Defendant said that he was in the process of driving back from Princeton (where John lived) with John's signature, but he might not be able to get back before the bank closed. Defense counsel objected to this testimony because defendant's oral statements were not disclosed in discovery. The court ruled that any further oral statements of defendant that had not been revealed in discovery would be excluded, but allowed Ewald's testimony to remain. The court also denied defendant's motion for a mistrial.

John J. DeBord, defendant's brother, testified that in November of 1973, he co-signed an $1800 note with defendant, Robert DeBord. John co-signed the note because he was the executor of their father's estate and he knew that Robert's share would amount to approximately $6000.

John denied that he had ever signed a $2000 note, in January of 1974, with the Bank of Illinois. He denied that he had ever given anyone permission to sign his name to the note, and he was not even aware of the note until after it was due and not paid.

Defendant explained that Ewald was confused about the phone conversation because their conversation related to the first note and not the second one. Defendant also testified that when the bank requested a co-signor for the second loan, defendant called John and John told defendant to sign for him rather than making the trip to Princeton for his signature. Defendant admitted that he signed John's name and returned it to the bank, although he did not tell Ewald that he had signed for his brother.

Part of the trial court's discovery order was set forth in terms of Supreme Court Rule 412(a)(ii) (Ill. Rev. Stat. 1975, ch. 110A, par. 412(a)(ii)). At trial, Ewald testified that defendant told him during a phone conversation that he, defendant, was on his way back from Princeton with John's signature on the $2000 note. Defendant contends that the State was required by the court's discovery order and Supreme Court Rule 412(a)(ii) to reveal any oral statement attributed to defendant, and that defendant is entitled to a new trial for the State's failure to disclose the phone conversation.

The State contends that this question has been waived because defense counsel did not object until after the witness had answered the questions. Under the circumstances, defense counsel alertly made an objection and it would-be unduly burdensome to hold that his objection was tardy.

The State argues that the word "statement" as used in Rule 412 means an utterance which has been reduced to writing and that the State has no responsibility to reduce its knowledge of defendant's oral statements to writing. In support of this notion the State cites *People v. Abbott* (1977), 55 Ill. App. 3d 21, 370 N.E.2d 286; *People v. Caldwell* (1976), 39 Ill. App. 3d 1, 349 N.E.2d 462. These cases hold that the State need not reduce all oral statements of witnesses to writing because such a requirement would often impose an unreasonable burden on the State. *Abbott* and *Caldwell* do not involve oral statements of a *defendant*. Moreover, the language of Supreme Court Rule 412 belies the State's argument. The State is required to disclose:

> "(ii) any written or recorded statements and the substance of any oral statements made by the accused or by a codefendant, and a list of witnesses to the making and acknowledgment of such statements; * * *." Ill. Rev. Stat. 1975, ch. 110A, par. 412(a)(ii).

■■ The State has a duty to disclose to the defendant, upon request, all oral statements made by defendant and known to the State. Such statements are discoverable whether or not reduced to writing. *People v. Watkins* (1975), 34 Ill. App. 3d 369, 340 N.E.2d 92; *People v. Musgray* (1976), 37 Ill. App. 3d 48, 344 N.E.2d 708; *People v. Rand* (1975), 29 Ill. App. 3d 873, 331 N.E.2d 15; *People v. Manley* (1974), 19 Ill. App. 3d 365, 311 N.E.2d 593.

In *People v. Shegog* (1976), 37 Ill. App. 3d 615, 618, 346 N.E.2d 208, 211, the court said:

> "Additionally, it is apparent that ordinary diligence by the State's Attorney should have made him aware of the confession. It is standard practice in basic trial advocacy for an attorney to talk to his witnesses at least once before trial, so as to eliminate surprise or embarrassing testimony from his own witnesses at the actual trial."

The court thereafter referred to the continuing duty of both the prosecutor and defense counsel to disclose discoverable material coming to their attention after pretrial discovery was completed, and continued:

> "Thus, even if the prosecutor had found out about the confession only just before trial, he had a duty to disclose it to the defense." 37 Ill. App. 3d 615, 618, 346 N.E.2d 208, 211.

As we stated in *Abbott*, we will not condone intentional tactics taken by the State to preclude discovery of relevant material.

■■ The failure to disclose defendant's oral statements was error but was not reversible error. Defendant did not ask for a continuance or an

opportunity to interview Ewald while he was on the stand. (*Watkins.*) Defendant admitted that he signed John's name to the second note, but he testified that he did it with John's authority. There was, however, no substantial issue of fact that defendant signed the name of his brother, *i.e.*, J. J. DeBord, to the note before delivering it to the bank.

A motion for mistrial is addressed to the sound discretion of the trial court, and in absence of a showing that defendant had been prejudiced, we will not interfere with the trial court's discretion. *E.g., People v. Tate* (1974), 25 Ill. App. 3d 411, 323 N.E.2d 485, *aff'd* (1976), 63 Ill. 2d 105, 345 N.E.2d 480.

Defendant argues that it was error for the State to remark, in closing argument, that defense counsel wasn't working for defendant "free gratis." Defendant objected to the remark and the trial court sustained the objection. The jury was admonished to disregard the comment.

■■ The remark was not a proper comment upon the evidence. However, it was not stressed and did not adversely reflect upon defense counsel's integrity. (*Cf. People v. Clark* (1972), 52 Ill. 2d 374, 288 N.E.2d 363.) The trial court's instruction sufficiently cured the error.

■■ Over defendant's objection, the trial court gave IPI Criminal No. 3.06 on admissions. Defendant asserts that it was error to give this instruction because there were no out-of-court admissions in evidence. (*People v. Price* (1975), 32 Ill. App. 3d 610, 336 N.E.2d 56.) The State acknowledges that this instruction was erroneously given under *Price.* We find that the instruction did not mislead the jury and it was superfluous. (*People v. Price* (1975), 32 Ill. App. 3d 610, 336 N.E.2d 56.) Any error in giving the instruction was harmless. *Cf. People v. Stewart* (1970), 46 Ill. 2d 125, 262 N.E.2d 911.

■■ Finally, defendant argues that the jury was not properly instructed on the elements of the offense. We refuse to address this issue because it has been waived for the failure to mention it in defendant's post-trial motion. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

The judgment of the trial court is affirmed.

Affirmed.

REARDON, P. J., and CRAVEN, J., concur.