THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TERRY SCHMIDT, Defendant-Appellant.

Second District    No. 77-165

Opinion filed June 5, 1978.—Modified on denial of rehearing July 17, 1978.

8

Mary Robinson and Alan D. Goldberg, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene L. Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant was convicted of burglary following a jury trial and sentenced to a term of 2-6 years imprisonment. He appeals contending that his conviction should be reversed and the cause remanded for a new trial because he was prejudiced by the admission of an oral confession when a list of witnesses to the confession had not been provided to him; and further because the public defender while an Assistant State's Attorney had participated for the State in the case resulting in a conflict of interests even though the public defender hired a private attorney to defend and did not personally participate. Alternatively defendant contends that the court erroneously considered pending charges against him in sentencing.

We first reach the claim of the alleged conflict of interest. Thomas O. McCulloch, while an Assistant State's Attorney, personally appeared on behalf of the State at defendant's arraignment and served a discovery motion upon him. The defendant was then represented by private counsel who later withdrew from the case. The public defender's office of Kane County was appointed to represent defendant; and at this time McCulloch was the public defender. McCulloch at no time personally appeared on behalf of the defendant but rather Allen M. Anderson, a private attorney, who, according to the State "occasionally accepts cases from the Public Defender's office" represented the defendant. Defendant argues that under these circumstances a conflict arises because Anderson would have a "subliminal reluctance" to attack the pleadings and action of his "superior" McCulloch.

■■ When a prosecutor who personally has been involved in the

prosecution of a defendant in a particular criminal proceeding later becomes the court-appointed defense counsel for that defendant in the same proceeding a potential conflict exists which, if there is no waiver by the defendant, is cause for reversal even though there is no showing of actual prejudice to the defendant. (*People v. Kester*, 66 Ill. 2d 162, 167-68 (1977). See also *People v. Coslet*, 67 Ill. 2d 127, 133 (1977).) The fact that the appointed attorney appears as a prosecutor on only a single occasion and that at a preliminary state of the proceeding does not alter the rule. *People v. Wyatt*, 47 Ill. App. 3d 582, 583 (1977). See also *People v. Hall*, 58 Ill. App. 3d 487 (1978).

■■ The State argues, and we agree, that the potential for conflict does not exist under the particular circumstances of this case because McCulloch at no time personally appeared for the defendant. The possibility of a "subliminal reluctance" of Anderson to attack pleadings or conduct of McCulloch does not here appear to be a real factor. We also distinguish this case from those in which co-defendants with conflicting defenses are represented by assistants from the same public defender's office and who are therefore not independent of each other and who are representing defendants with adverse interests. See *People v. Meng*, 54 Ill. App. 3d 357, 360 (1977); *Holloway v. Arkansas*, ___ U.S. ___, 55 L. Ed. 2d 426, 98 S. Ct. 1173, 1181 (1978).

We also conclude that the introduction of defendant's oral confession was not reversible error. Defense counsel in a discovery motion requested a list of witnesses to any oral statement made by defendant and was entitled to receive this information (Ill. Rev. Stat. 1977, ch. 38, par. 114—10(a); ch. 110A, par. 412(a)(ii)). The oral confession testified to by Officer Donohoe was made to him in a patrol car in the presence of Richard Benson who was also accused of the burglary. Defendant claims he was prejudiced because the officer's name was only on a general list of witnesses and he was not specifically designated as a witness to the oral confession; and Benson's name was not listed in any way.

■■ It is not the purpose of the statute requiring disclosure of witnesses to a confession to require a defendant to make assumptions as to which of the witnesses on a general list were present (*People v. Rand*, 29 Ill. App. 3d 873, 876 (1975)), and therefore the State erred in not complying specifically with the statute. (See also *People v. Musgray*, 37 Ill. App. 3d 48, 51 (1976).) The error, however, was harmless beyond a reasonable doubt. The record contains a written confession which was made to Donohoe after the oral confession and which was a complete summary of the prior oral one and is not challenged. In the written confessions signed by defendant he told Officer Donohoe that he and Rick Benson went in the back door of the Tessendorf Plumbing Company on May 7, 1976,

kicked open a locked door that led to the office, and grabbed the safe and the checks. In answer to the officer's questions as to how they were able to get by a guard dog defendant stated that they gave the dog some meat and then hit it with a car jack. While the oral confession contained a few extra details, it was not the details which were incriminating. In effect, the oral confession is merely cumulative of the written confession. Admission of the oral confession therefore did not constitute reversible error. *People v. Anthony*, 38 Ill. App. 3d 427, 433 (1976); *People v. Hudson*, 6 Ill. App. 3d 1062, 1065 (1972).

■■ ■ Defendant also claims prejudice because Richard Benson who committed the crime together with defendant was not on the witness list. The purpose behind the requirement that a defendant be given the names of the persons present at his confession is to protect him against surprise, unfairness and inadequate preparation; it is directed at law enforcement officers, their agents or employees whose testimony would be material on the issue of the voluntary nature of the confession and not to "co-defendants and friends." (*People v. Ikerd*, 26 Ill. 2d 573, 578 (1963).) Defendant does not specify nor do we perceive how compliance with respect to Benson would be helpful to his case or would serve the purpose behind the statute and the rule in any way.

■■ Defendant's alternative contention that the trial court improperly considered evidence of pending charges in the sentencing process does not state a proper ground for reversal or remand on the record before us. Defense counsel concedes the rule that proof of pending charges are properly presentable in aggravation and mitigation among various other factors which would be helpful to the court in reaching a proper sentence. (See *People v. Bey*, 51 Ill. 2d 262, 267 (1972); *People v. Jones*, 36 Ill. App. 3d 491, 494 (1976).) Defendant argues, however, that such evidence is only admissible if it is introduced formally with due opportunity for confrontation, cross-examination and rebuttal. We know of no requirement that pending indictments to be considered by the court must be "formally introduced" other than being presented to the court. (See *People v. Bey*, 51 Ill. 2d 262, 267 (1972).) In any event defense counsel made no demand that the pending indictments be formally admitted into evidence nor any claim that they were not authentic and therefore waived the matter of form. To the extent that defendant claims the right to confront and cross-examine witnesses, which would require that the court hold a hearing into the evidentiary substance of a criminal indictment before it considers it, we cannot agree. Here it is clear that the trial judge kept the unproven indictments in the proper perspective since he specifically stated that he was "not taking those too much into consideration because he had not been found guilty of them * * *." Cases cited by the defendant which involve mere arrests which have not

resulted in convictions rather than indictments are, of course, distinguishable.

We therefore affirm the judgment of the trial court.

Affirmed.

RECHENMACHER and NASH, JJ., concur.