THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHRIS POLL, Defendant-Appellant.

Fourth District   No. 15295

Opinion filed August 9, 1979.

TRAPP, J., dissenting in part.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Marc D. Towler and Robert J. Biderman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant, Chris Poll, was found guilty of attempted burglary and armed violence in violation of sections 8—4 and 33A—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, pars. 8—4, 33A—2), after a jury trial. He was sentenced to concurrent terms of imprisonment of 3 to 9 years for attempted burglary and 1 to 3 years for armed violence.

Defendant now asks that the convictions be reversed because of the State's failure to prove his guilt beyond a reasonable doubt; in addition, he requests reversal of the attempted burglary charge on grounds that the trial court improperly denied his motion to dismiss that charge for failure to state an offense. Defendant requests in the alternative that the convictions be reversed and remanded for retrial due to various alleged errors in the proceedings below. For the reasons set forth herein, we reject defendant's arguments and affirm the convictions. We are, however, persuaded that admission at the sentencing hearing, of evidence of charges pending against defendant was improper and sufficiently prejudicial to require remand for a new sentencing hearing.

■■ The information in this case charged that Chris Poll, Terry Garrett, and John Weber committed attempt burglary in that they "threatened Patrick Wildenradt in order to gain admission to the home of said Patrick Wildenradt." The purpose of the indictment is to apprise the defendant of the offense charged with sufficient particularity to allow him to prepare a defense, and to bar further prosecution for the same matter. We have no doubt that those purposes were served in this instance. The Illinois Supreme Court has approved an indictment which stated only that the defendant "attempted to compel [the victim] * * * to submit to an act of

sexual intercourse" (*People v. Bonner* (1967), 37 Ill. 2d 553, 562, 229 N.E.2d 527, *cert. denied* (1968), 392 U.S. 910, 20 L. Ed. 2d 1368, 88 S. Ct. 2067), and other appellate courts have approved such general language as " 'attempted to kill' " (*People v. Drink* (1967), 85 Ill. App. 2d 202, 204, 229 N.E.2d 409), and "attempted to enter a building * * * with the intent to commit a theft" (*People v. Bean* (1975), 29 Ill. App. 3d 584, 331 N.E.2d 148).

■■ Nor do we find any merit to defendant's reasonable-doubt argument. While there was some conflict in the evidence, there was unequivocal testimony that defendant had participated in the planning of an attempted entry into the Wildenradt home; that one of the avowed purposes of that entry was "to look for some cash"; and that defendant, while he did not actually approach the house or seek entry himself, procured the gun, drove the others to the scene, and waited in the car while they threatened Wildenradt.

■■ Defendant next asserts that the convictions should be reversed and the cause remanded because the Assistant State's Attorney inquired as to an accomplice's plea of guilty in front of the jury. While the question was improper (*People v. Sullivan* (1978), 72 Ill. 2d 36, 377 N.E.2d 17), not every mention of a codefendant's conviction is reversible error. (*People v. Lotts* (1977), 48 Ill. App. 3d 684, 362 N.E.2d 1387; *People v. Agans* (1974), 24 Ill. App. 3d 64, 320 N.E.2d 25.) Before the witness in these cases could answer, an objection was raised and the jury advised to disregard the question. Further, the codefendant in question had testified fully as to his own participation in the offense. This is in marked contrast to *Sullivan,* where the guilty plea of a codefendant was not only raised but stressed in both opening and closing argument and neither codefendant admitted to participation in the crime. We find no reversible error in this instance.

In the course of the trial, the prosecutor was allowed to ask leading questions of Terry Garrett, an accomplice who had pleaded guilty and who appeared as a State's witness. The defendant contends these leading questions had the effect of impeaching the State's own witness and constituted reversible error.

● 4 The propriety of allowing leading questions is within the sound discretion of the trial court, which is not to be reversed unless there was an abuse of discretion. (*People v. Merritt* (1937), 367 Ill. 521, 12 N.E.2d 7; *People v. Drake* (1974), 20 Ill. App. 3d 762, 314 N.E.2d 532.) Despite statements prior to trial that defendant had suggested going to the Wildenradt residence to get "easy money" and drugs, Garrett testified on the stand that defendant's only expressed motive had been to see his girlfriend. In chambers, however, in response to leading questions, Garrett readily repeated his pretrial statements about the defendant's intent to get money from the home. The trial court judge denied the

State's request to impeach the witness with his pretrial statements, but allowed the prosecutor to elicit the desired testimony with leading questions. In view of the witness' reluctance to testify, his ready admission to the earlier statements, and the materiality of the evidence, we cannot agree that the slight tendency the leading questions may have had to impeach constituted an abuse of discretion or materially prejudiced defendant's case.

■■ Nor can we agree that defendant was prejudiced by the State's improper failure to disclose, prior to trial, Garrett's pretrial statements about defendant's motives in going to the Wildenradt residence. While this court has ruled that statements attributable to the defendant are discoverable even if never reduced to writing (*People v. DeBord* (1978), 61 Ill. App. 3d 239, 377 N.E.2d 1308), defendant's counsel had an opportunity to question Garrett about the statement in chambers prior to his testimony. No request for a continuance was made, nor is it clear in what way the State's failure to furnish this statement at an earlier date may have prejudiced the defendant.

■■ We further reject defendant's contention that the following non-IPI Instruction on common design was improperly given and requires reversal:

"If you find that the defendant voluntarily attached himself to a group bent on illegal acts with knowledge of its design, there is an inference that they shared a common purpose and this will allow his conviction as a person responsible for a crime committed by another in furtherance of the venture."

This instruction was originally discussed in *People v. Hill* (1968), 39 Ill. 2d 125, 233 N.E.2d 367, *cert. denied* (1968), 392 U.S. 936, 20 L. Ed. 2d 1394, 88 S. Ct. 2305. In *People v. Hunter* (1978), 61 Ill. App. 3d 588, 376 N.E.2d 1065, this court held that the giving of the quoted instruction did not constitute reversible error. In *Hunter*, however, we did state that Illinois Pattern Jury Instructions, Criminal, No. 5.03 (1968) (hereinafter IPI) was the proper instruction on accountability and should be given, and the instruction above quoted should not. While we hold that the giving of such instruction upon this record does not require reversal, we state *again*, as we did in *Hunter*, that IPI Criminal No. 5.03 is the appropriate instruction on accountability and *it* should be used.

Defendant further argues it was reversible error to restrict an offer of proof concerning a certain police officer's recollection of statements made by an accomplice. We note that, although the court initially indicated some concern about the time consumed by what appeared to be an irrelevant line of questioning, defense counsel was ultimately allowed to continue and in fact indicated that he had no further questions. Since the offer was allowed, we see no merit to defendant's suggestion of prejudice.

■■ The offense in this case occurred on January 11, 1978, and defendant was charged by information later that day. At that time, the statutory definition of armed violence included armed violations of the aggravated assault statute, section 12—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 12—2). Prior to defendant's trial and sentencing, however, the armed violence statute was amended to remove misdemeanors, including the ones defined in section 12—2. Defendant argues that the armed violence conviction should therefore be reduced to aggravated assault with a corresponding reduction in penalty. This court has already considered and rejected just such an argument. *People v. Gibson* (1976), 41 Ill. App. 3d 209, 354 N.E.2d 71.

■■ ■ Defendant's last contention is that evidence of charges pending against him presented in aggravation at his sentencing hearing requires remand for resentencing. We agree. This court has taken a strong position against admission of evidence of arrests, except where such evidence is introduced with the defendant's consent. (*People v. Kennedy* (1978), 66 Ill. App. 3d 35, 383 N.E.2d 255; *People v. Schleyhahn* (1972), 4 Ill. App. 3d 591, 281 N.E.2d 409.) In *People v. Hampton* (1972), 5 Ill. App. 3d 220, 282 N.E.2d 469, we noted that admission of such evidence violates several basic constitutional guarantees, including the right to a jury trial and the right to be proved guilty beyond a reasonable doubt. Unless defendant knowingly, voluntarily, and intelligently waives those protections in consenting to the admission of such evidence, its admission is improper.

For the reasons stated herein, we affirm the convictions and remand for a new sentencing hearing.

Convictions affirmed; remanded for a new sentencing hearing.

REARDON, P. J., concurs.

Mr. JUSTICE TRAPP, dissenting in part:

I concur with the majority opinion in affirming the convictions but dissent from the conclusion that the case should be remanded for a new sentencing hearing.

That remandment is bottomed upon "evidence of charges pending against him presented in aggravation at his sentencing hearing."

The "evidence" consisted of the testimony by the victim of a battery committed in the county jail while defendant was being held for trial upon this offense. That testimony was corroborated by the testimony of the jail officer who observed it. There was confrontation of the witness by the defendant with opportunity to cross-examine and to introduce rebuttal. The State's Attorney dismissed the charge of battery following the sentencing of the defendant.

Evidence upon a charge of conspiracy to escape from jail while this trial was pending consisted of defendant's transcribed statement of his participation in the conspiracy. That charge was dismissed by the State's Attorney upon the sentencing of the defendant in this case. Foundation for the statement was stipulated by defendant and it was stipulated that the transcript was to be admitted only for the purpose of this proceeding.

The end result was precisely that achieved in the cited *People v. Schleyhahn* (1972), 4 Ill. App. 3d 591, 281 N.E.2d 409, except that dismissal of the pending charges followed the sentencing without prior stipulation.

It is interesting to note that the opinion in *Schleyhahn* was filed on April 6, 1972. On March 30, 1972, the supreme court filed its opinion in *People v. Bey*, 51 Ill. 2d 262, 281 N.E.2d 638, in which the court stated:

"We have repeatedly held that proof of a pending indictment is properly presentable in aggravation as are a wide variety of other factors [citation], * * *." (51 Ill. 2d 262, 267, 281 N.E.2d 638, 641.)

We do not find that the determination by the supreme court has been modified. *People v. Schmidt* (1978), 61 Ill. App. 3d 7, 377 N.E.2d 553; *People v. Malone* (1974), 19 Ill. App. 3d 24, 311 N.E.2d 216.

One finds that the trial judge had substantial authority supporting the admission of the testimony of witnesses concerning criminal acts, committed subsequently to the offense at trial, for which there had been no convictions as relevant to the determination of the potential for rehabilitation. The rationale of the several cases is that the testimony was subject to cross-examination and rebuttal. In *People v. Jones* (1976), 36 Ill. App. 3d 491, 344 N.E.2d 40, the reviewing court held testimony concerning two batteries committed by defendant subsequent to arrest on the pending charge and prior to the sentencing hearing to be admissible. In *People v. Davis* (1976), 38 Ill. App. 3d 649, 348 N.E.2d 533, defendant was charged with armed robbery. The court held it proper to introduce the testimony of competent witnesses that defendant had also committed a robbery shortly after the offense with which defendant was charged. The testimony was held admissible as an exception to the general rule that arrests without convictions were not admissible at a sentencing hearing. The same distinction was stated in *People v. Lakes* (1978), 60 Ill. App. 3d 271, 376 N.E.2d 730. In *People v. Jones* (1978), 65 Ill. App. 3d 435, 382 N.E.2d 697, the reviewing court determined that testimony of offenses committed while defendant was in jail pending sentencing was properly admitted and bearing upon moral character, inclination to crime, and potential for rehabilitation.

There is also substantial authority which holds that testimony of competent witnesses having personal knowledge is admissible as to

matters of pending charges committed prior to the offense at trial where defendant has had an opportunity for confrontation, cross-examination and rebuttal. In *People v. Lemke* (1975), 33 Ill. App. 3d 795, 338 N.E.2d 226, defendant was convicted of unlawful delivery of cocaine. At sentencing, testimony was presented concerning other pending offenses of violation of the Controlled Substances Act, each of which were subsequently dismissed. Defendant contended that the evidence was improper since there had been no conviction as to those offenses. The court stated:

> "The general rule, to which there are significant exceptions, is that bare arrests which have not resulted in conviction are not admissible at a sentencing hearing. [Citations.]
>
> The evidence concerning defendant's conduct on August 14 was a proper subject of judicial inquiry and was clearly relevant to the issues involved in a sentencing hearing in aid of the court's determination of the defendant's propensities and of her rehabilitation potential. This was not bare evidence of arrests which have not resulted in conviction but a full presentation of facts and circumstances where the evidence was introduced formally with due opportunity for confrontation, cross-examination and rebuttal." 33 Ill. App. 3d 795, 797-98, 338 N.E.2d 226, 228.

In *People v. Barksdale* (1976), 44 Ill. App. 3d 770, 358 N.E.2d 1150, defendant was convicted of rape and deviate sexual assault. In addition to evidence of prior felony convictions, two victims of similar offenses testified to the defendant's attack upon them. At the hearing in aggravation and mitigation, the reviewing court held that the sentencing standards stated in *People v. Adkins* (1968), 41 Ill. 2d 297, 301, 242 N.E.2d 258, 260, were applicable:

> "The rules of evidence which ordinarily obtain in a trial where guilt is denied do not bind the court in its inquiry. It may look to the facts of the [crime], and it may search anywhere, within reasonable bounds, for other facts which tend to aggravate or mitigate the offense. In doing so it may inquire into the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit crime, the stimuli which motivate his conduct, and, as was said in *People v. Popescue*, [345 Ill. 142], the judge should know something of the life, family, occupation and record of the person about to be sentenced. [Citations.]"

In *People v. Stoutenborough* (1978), 64 Ill. App. 3d 489, 381 N.E.2d 415, the reviewing court reached a similar conclusion as to a conviction

for indecent liberties. The child was permitted to testify regarding prior conduct of the defendant, although the latter had not been charged thereupon. The court stated:

> "In determining sentence, a court is not bound by the usual rules of evidence but may search anywhere within reasonable bounds for facts which tend to aggravate or mitigate the offense [citation]. Under the new sentencing act, a defendant's 'history of prior delinquency or criminal activity' is a factor to be considered in aggravation (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—5—3.2(a)(3)). While the court must exercise care to insure the accuracy of the information considered and shield itself from any improper material's prejudicial effect (*Crews*), it may inquire into the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit [crime] and the stimuli which motivated his conduct. [Citation.]" 64 Ill. App. 3d 489, 493, 381 N.E.2d 415, 419.

The majority opinion also cites *People v. Kennedy* (1978), 66 Ill. App. 3d 35, 383 N.E.2d 255, in support of its remandment for new sentencing. That opinion was concerned, however, with only the statement of a series of arrests for misdemeanors subsequent to the original convictions. The trial court indulged in comment to the effect that defendant was likely to have been guilty although the prosecution had not been able to convict him. The reviewing court concluded that:

> "[I]t is unfair to the defendant that mere charges or arrests be given substantial weight in determining whether further offenses have in fact been committed and this is true regardless of whether the grant of probation or other sentencing questions are at issue." (66 Ill. App. 3d 35, 39, 383 N.E.2d 255, 258.)

It is fair to conclude that the tenor and context of the *Kennedy* opinion distinguishes a record showing the mere fact of arrest or charges filed from the cited cases where there was competent evidence concerning the criminal conduct of the defendant, and the defendant had the opportunity to cross-examine or present rebuttal.

The statement of the trial court in imposing sentence in this case discloses that the sentence term was in fact based upon defendant's prior conviction for six felonies. I would hold that the evidence in aggravation was properly admitted and affirm the sentence.