THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROY BARR STOUTENBOROUGH, Defendant-Appellant.

Fourth District   No. 14911

Opinion filed October 6, 1978.

SCOTT, Judge, presiding.

Frank H. Byers, of Decatur (Byers & Byers, of counsel), for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (David B. Fox, law student, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
Defendant Roy Barr Stoutenborough appeals (1) his sentence of 7 years' imprisonment imposed by the Circuit Court of Macon County for

the offense of indecent liberties with a child (Ill. Rev. Stat. 1977, ch. 38, par. 11—4), and (2) the denial by that court of his subsequent motion to withdraw his plea of guilty to that offense. He maintains that the trial court erred by (1) denying his motion to withdraw his plea of guilty, (2) failing to comply with the mandates of new sentencing legislation, (3) considering, in sentencing, certain evidence of prior crimes which he was alleged to have committed, and (4) imposing an excessive sentence. Defendant also contends that the provision of section 5—5—4.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—5—4.1) purporting to authorize this court to increase a sentence when an appeal is taken from that sentence is unconstitutional. He concedes that the issue is not raised unless we attempt to exercise that authority. As we do not attempt to increase the sentence, we need not consider the point.

■■ The offense for which defendant was convicted was alleged to have occurred in May of 1977. During the course of a bench trial on that charge in January of 1978, defendant was allowed to withdraw his plea of not guilty and to enter a plea of guilty. He subsequently elected (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1008—2—4(b)) to be sentenced pursuant to the provisions of amendments to the Unified Code of Corrections which became effective on February 1, 1978. His theory that he should have been permitted to withdraw his plea is based upon his assertion that he entered his plea believing that the new sentencing procedures would be followed and that the court failed to do so. We will subsequently rule that the new procedures were adequately followed. However, even if they were not, the error would be correctable by granting a new sentencing hearing rather than by permitting withdrawal of the plea. Although defendant was required to move to withdraw the plea in order to preserve his claims of error in sentencing (*People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254), the denial of the motion was correct.

Defendant's complaint that the new sentencing procedure was not followed centers upon the requirement of that procedure which states that the report of the presentence investigator shall contain "information about special resources within the community which might be available to assist the defendant's rehabilitation" and "when appropriate, a plan, based upon the personal, economic and social adjustment needs of the defendant, utilizing public and private community resources as an alternative to institutional sentencing." (Ill. Rev. Stat. 1977, Supp., ch. 38, par. 1005—3—2.) He contends that these provisions were not complied with.

The original presentence report did not contain this information. However, a supplemental presentence report submitted to the court stated that, as to special community resources to meet defendant's problem, no known resources were available and, as to an alternative plan

to institutional sentencing when appropriate, no plan was to be submitted. Moreover, a letter from a Decatur psychiatrist who examined defendant indicating that defendant could receive treatment through that physician's office and a letter from a probation officer indicating possible therapy and counseling at the Decatur Mental Health Clinic as an alternative to imprisonment were also before the sentencing judge, and the record reflects that these were considered prior to sentencing. The presentence report as amended was adequate. At the time of imposing sentence, the court had before it sufficient presentence information.

Defendant's contention that the trial court considered evidence of prior crimes that he was alleged to have committed is aimed at information contained in both the presentence report and testimony heard in aggravation and mitigation at sentencing. Defendant tendered his plea of guilty at the close of the State's evidence. That evidence consisted of the testimony of the complaining witness, defendant's 13-year-old step-daughter, concerning advances he made towards her while they were taking a shower together, and the testimony of a friend of defendant concerning a conversation with defendant in which he, defendant, admitted part of the accusations made by the stepdaughter. Copies of sheriff deputies' reports of interviews with these witnesses concerning this testimony were included in the presentence report together with copies of interviews with these witnesses and other witnesses concerning other acts of defendant constituting the taking of indecent liberties with children or contributing to their sexual delinquency. The substance of a part of the information contained in these latter interviews was the assertion by the prosecutrix and her 15-year-old brother that some five years earlier defendant had persuaded them to have oral sex with him, caused her to do the same with her brother and directed them to have intercourse with each other. They maintained that this conduct continued for three years. The information also contained allegations by the 15-year-old daughter of the friend of defendant who had testified for the State at trial that defendant had questioned her about her knowledge of sex and once pinched her buttocks. The information in these reports was later restated by these same witnesses during their testimony at sentencing.

Support for the inclusion of this type of information in the presentence report would appear to be given by section 5—3—2 of the Unified Code of Corrections as amended which states that the report shall contain:

"(6) *any other matters* that the investigatory officer deems relevant or the court directs to be included." (Emphasis added.) (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—3—2.)

However, the argument is advanced that because the information in question concerns the commission by defendant of other crimes for which he has never been convicted, the information is not a proper

subject of consideration at sentencing regardless of whether it be presented by way of report or testimony or, as here, by both report and testimony.

In *People v. Barksdale* (1976), 44 Ill. App. 3d 770, 358 N.E.2d 1150, cited by the State, defendant, convicted of rape and deviate sexual assault occurring in March of 1972, contended on appeal that the testimony of two young women who testified in aggravation and mitigation that defendant had raped and committed deviate sexual assault against them on two separate occasions in July of 1971 was prejudicial and inflammatory and should not have been considered by the court in assessing sentence. At the time of the hearing in aggravation and mitigation, defendant had not been convicted of either crime and it was unclear whether indictments therefore were pending. The trial court clearly considered the evidence in assessing sentence. In upholding the trial court's consideration of the testimony, the reviewing court ruled the testimony to have been relevant as to defendant's general moral character, his natural inclination or aversion to commit crime, and his abnormal or subnormal tendencies.

Similarly, in *People v. Davis* (1976), 38 Ill. App. 3d 649, 348 N.E.2d 533, a case involving a conviction for armed robbery, defendant maintained that error occurred when at the sentencing hearing, two State witnesses were permitted to testify that defendant was the individual who robbed them with a shotgun approximately five hours after the incident upon which defendant's conviction was based. Defendant was neither charged nor convicted of any crime related to this later incident. In finding no error to have occurred, the reviewing court noted that great latitude is granted the trial judge in examining the character of an offender and that the witnesses were subject to cross-examination as to the incident. The court also cited with approval its earlier decision in *People v. Lemke* (1975), 33 Ill. App. 3d 795, 338 N.E.2d 226, which distinguished the mere introduction at a sentencing hearing of arrests not leading to convictions from a full presentation of facts and circumstances involving the defendant with opportunity for cross-examination and rebuttal.

Defendant supports his position by citing *People v. Crews* (1967), 38 Ill. 2d 331, 231 N.E.2d 451; *People v. Riley* (1941), 376 Ill. 364, 33 N.E.2d 872; and *People v. Grigsby* (1966), 75 Ill. App. 2d 184, 220 N.E.2d 498. The court in *Crews* was concerned with a written report of a social worker purporting to relate statements of a 4½-year-old boy to his foster mother where neither the child nor the foster parent nor the social worker was present in court or subject to cross-examination. In *Riley*, stale (22, 19, and 8-year-old) arrests not followed by convictions introduced at the sentencing hearing were condemned. In *Grigsby*, the prosecutor's actions in keeping before the court the false impression that the defendant was a

habitual felon and in failing in his legal and moral duty to refrain from offering for consideration as to sentencing evidence of doubtful competency and materiality was denounced. Each of these cases is readily distinguishable from the instant, as is *People v. Kirk* (1978), 62 Ill. App. 3d 49, 378 N.E.2d 795, where evaluation reports of three psychiatrists which mentioned various alleged sexual incidents involving defendant for which he was never convicted were improperly considered by the court in sentencing defendant following his guilty plea to attempted rape. In *Kirk*, at no time during the sentencing hearing did any of the psychiatrists or the victims of defendant's purported prior criminal activity testify.

■■ In determining sentence, a court is not bound by the usual rules of evidence but may search anywhere within reasonable bounds for facts which tend to aggravate or mitigate the offense (*People v. Mann* (1963), 27 Ill. 2d 135, 188 N.E.2d 665). Under the new sentencing act, a defendant's "history of prior delinquency or criminal activity" is a factor to be considered in aggravation (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—5—3.2(a)(3)). While the court must exercise care to insure the accuracy of the information considered and shield itself from any improper material's prejudicial effect (*Crews*), it may inquire into the general moral character of the offender, his mentality, his habits, his social environments, his abnormal or subnormal tendencies, his age, his natural inclination or aversion to commit and the stimuli which motivated his conduct. *People v. Adkins* (1968), 41 Ill. 2d 297, 242 N.E.2d 258.

■■ In sentencing a sex offender, the court obviously has special need to know whether the defendant's criminal act was an isolated instance or of a repetitious nature. The information is of particular importance in determining whether to place the offender on probation when the conduct has been committed against members of the offender's own household. We are aware of various problems involved with the consideration by the court of this information at sentencing but conclude that it was proper to do so at least in the type of case involved here. The cases clearly indicate that if this information is to be received it should be presented, as here, by the firsthand testimony of the witnesses involved and that mere allegations of the offense, hearsay accounts thereof or records of the arrest of the defendant for the offenses are insufficient.

One of the problems of the court's considering evidence of other offenses at sentencing is the danger that the defendant may be taken by surprise by allegations of conduct that are very prejudicial to him without adequate time to prepare to meet the charges. Here, the allegation of the charges in the presentence report actually benefitted defendant by giving him that notice. This appears to be a proper way to proceed and where, as here, the allegations are supported by competent evidence, their

existence in the presentence report is proper. Defendant argues here that he did not have full notice of the testimony to be presented because his stepchildren testified at sentencing that he had tried to hypnotize them before committing the previous offenses, whereas their statement to law enforcement officers attached to the presentence report made no mention of this. We do not find this variance of details between the report and the testimony to have deprived defendant of an opportunity to meet the claims made of his prior conduct nor to have otherwise deprived him of a fair sentencing hearing.

Defendant also cites *People v. Pazell* (1948), 399 Ill. 462, 78 N.E.2d 212, in arguing that contradictions among and between the testimony of the two Stoutenborough children make such insufficient to constitute corroboration. However, the logic of requiring corroboration of prosecution proof in cases of this nature when the possible conviction of the accused is in issue and proof beyond a reasonable doubt is required, does not require corroboration of proof presented at a sentencing hearing where a lesser standard of proof prevails. Any contradiction in the children's testimony went merely to its weight. The court could have properly determined that defendant had committed several other sex offenses involving those children.

Finally, defendant maintains the sentence is excessive and that the court did not follow the new mandate of section 5—6—1(a) of the Code (Ill. Rev. Stat. 1977 Supp., ch. 38, par. 1005—6—1(a)) that probation be granted an eligible convict unless the court determines imprisonment is necessary to protect the public or that probation would deprecate the seriousness of the offender's conduct and be "inconsistent with the ends of justice." Although the offense for which the defendant was convicted was his first and the evidence indicated that other than his commission of the type of conduct for which he had been convicted, he was a good citizen, the court's denial of probation can be justified upon either of the required grounds. In *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, the supreme court stated that a reviewing court should not reduce a sentence in the absence of an abuse of discretion by the sentencing judge. Although the sentence there was indeterminate and is here determinate, we do not see any reason that the rule should be different. The 7-year sentence would entitle the defendant to release in 3½ years if he earned full good time credit. We do not find the imposition of the 7-year sentence to have been an abuse of discretion.

We affirm.

Affirmed.

MILLS and TRAPP, JJ., concur.