THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES FUGATE, Defendant-Appellant.

Second District   No. 77-588

Opinion filed October 11, 1979.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (John T. Elsner, Robert L. Thompson, and Roy F. Lawrence, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

In a bench trial the defendant was convicted of the offense of indecent liberties with a child, consisting of an act of deviate sexual conduct. (Ill. Rev. Stat. 1977, ch. 38, par. 11—4(a)(2).) He was sentenced to a term of not less than 4 years nor more than 5 years imprisonment. He appeals, contending that he was denied a fair hearing when the trial judge conducted concurrent hearings on the motion to suppress his confession and the substantive charges, and that he was not proved guilty beyond a reasonable doubt.

The case was set for trial to begin on September 19, 1977. On the trial date the defendant represented by the public defender waived his right to a jury trial and agreed to proceed before the judge in a bench trial. On the motion of defendant's counsel the trial judge ordered a severance of a similar offense involving a different victim and further required the State to elect to proceed on the charge involved in this appeal. Defense counsel then orally moved to suppress defendant's confession, offering to substitute a written motion by the following day. The State first objected (see Ill. Rev. Stat. 1977, ch. 38, par. 114—11(g)), but withdrew its objection after the court's suggestion, with which defense counsel agreed, that the cause proceed with the court noting that the testimony would be heard

"as direct evidence and in relation to the motion to suppress the confession." The judge advised the parties further that he would rule on the admission of the confession at the end of all of the evidence relating to that issue.

■■ The defendant, through his counsel, agreed to the concurrent hearing before the judge, and also failed to allege the issue as error in his post-trial motion. While we would be justified in holding that the defendant has waived any possible claim of error (see *People v. Pickett* (1973), 54 Ill. 2d 280, 282), we will review the defendant's claim under the plain-error doctrine (Ill. Rev. Stat. 1977, ch. 110A, par. 615), since the case in absence of defendant's confession could be considered close on its facts.

However, the claim of error must fail on its permits. In a bench trial the motion to suppress a confession or to suppress other evidence may be heard concurrently with the trial, providing the defendant is given a full and fair hearing on the question of voluntariness and no actual prejudice to the defendant is demonstrated because of the procedure. (*People v. Fultz* (1975), 32 Ill. App. 3d 317; *People v. Webb* (1976), 38 Ill. App. 3d 629. See also *United States ex rel. Placek v. Illinois* (7th Cir. 1976), 546 F.2d 1298.) In *Fultz,* while the trial judge's decision to hear the issues concurrently resulted in the admission of a number of hearsay statements to establish probable cause for arrest which would not otherwise have been admissible on the merits, the appellate court concluded that there could be no assumption that the judge could not make a reliable determination of the voluntariness of a confession notwithstanding the concurrent proceedings. (32 Ill. App. 3d 317, 333.) Similarly, in *Webb* it was held that the failure to provide a separate suppression hearing did not prejudice defendant's rights where the facts were neither voluminous nor complicated and the witnesses were few. (38 Ill. App. 3d 629, 635-36.) In *Placek,* the court noted that there was a presumption that a trained and experienced trial judge was able to distinguish between proper and improper evidence and to base his decision on the latter absent a clear showing to the contrary. The court also noted that under Illinois law the defendant could testify at trial on the voluntariness issue without subjecting himself to the cross-examination of a broader scope and concluded that no essential purpose would be served by stopping the trial to hold a separate hearing on the admissibility of the confession in which the same testimony would be presented to the same trier of facts. 546 F.2d 1298, 1305.

Defendant places reliance on this court's opinion in *People v. McKee* (1977), 52 Ill. App. 3d 689, 683-94, but we find the case to be factually distinguishable. In *McKee,* the challenged confession related to a totally separate incident from the one with which defendant was charged, and the failure to provide a separate hearing on the suppression issue

prejudiced defendant's rights since it brought before the court the details of a similar but separate incident. We also noted that the judge did, in fact, consider improper evidence in arriving at his finding of guilt.

In the case before us the bench trial was of relatively short duration with four witnesses testifying. Neither the facts nor the issues were particularly complicated. The evidence which was relevant only to the suppression question and would not otherwise have been allowed in a trial on the merits was a statement made by the defendant to a police officer immediately after his arrest stating that he had been in trouble once before and had received psychiatric help.

In addition the defendant claims that he was prejudiced because interrogating officers testified that defendant made statements regarding lewd fondling and display of pornographic material occurring at different times during the same weekend subsequent to the act involved in this case. Defense counsel, however, did not object to the officers' testimony that defendant made these statements, so that if the evidence were improperly admitted, which we do not rule upon, it was not because of the concurrent procedure. In the case of the testimony of another officer present at the taking of the statement there was an objection. However, the trial court properly overruled the objection since previously the complaining witness had testified to the same events without objection.

■■ In no other regard does the defendant question the voluntariness of the statement and the record affirmatively shows that the statement was voluntary. Under the circumstances we cannot conclude that the procedure deprived defendant of a fair trial.

We also conclude that the defendant was proven guilty beyond a reasonable doubt.

■ The defense counsel's initial argument that the 11-year-old complaining witness was incompetent to testify is not borne out by the record. "Intelligence, ability to comprehend the meaning of an oath and the moral obligation to speak the truth, and not age," are the tests to determine competency. (*People v. Isbell* (1936), 363 Ill. 264, 267.) The competency of a witness is to be determined by the trial court and his ruling will not be reversed on appeal absent abuse of discretion. (*People v. Ballinger* (1967), 36 Ill. 2d 620, 622.) The fact that the record shows that the witness did not know how to spell the name of his sister, "Mirna", did not know what his parents did for a living, and did not know what would happen to him if he lied did not result in the conclusion that the witness was incompetent. Here the complaining witness was able to spell his name, give his age and birth date, the name of his school and teacher, the address of his school and home, and the given names of his parents and

sister. While he stated he did not know what would happen to him if he did not tell the truth, he did clearly promise to tell the truth. The trial court's finding of competency therefore was not an abuse of discretion on the record.

The defendant argues also that the complaining witness' testimony was unbelievable and should not have been given any weight. Premised on this argument the defendant urges that his uncorroborated confession cannot support his conviction.

The complaining witness' testimony does appear to be contradictory on a number of points. He first stated that defendant was not in the courtroom, but after he stood up and looked around he was able to identify the defendant. He first testified that nothing happened on either Friday or Saturday night (the offense was charged to have occurred on or about the 11th day of June 1977, which was a Saturday). At this point the prosecutor asked for a brief recess at which time he asked the court's permission to cross-examine the witness because the boy was contradicting his earlier statements. The court allowed the prosecutor to question the witness as to the two prior statements. The boy then testified that he couldn't remember but after a number of leading questions finally stated that the defendant pulled his pants down and put the witness' penis in his mouth. On cross-examination the witness admitted uncertainty as to which night the event occurred.

However, the witness' testimony, though admittedly contradictory, corroborated the defendant's statement in most material respects. The only discrepancies between the defendant's confession and the witness' final testimony are whether the event occurred on a Friday or Saturday night and whether it occurred in the defendant's or in the complaining witness' tent. This would appear to be substantial corroboration. (Compare *People v. Kolden* (1962) 25 Ill. 2d 327, 329.) *People v. Martin* (1942), 380 Ill. 328, relied upon by defendant, is distinguishable. In *Martin*, the truthfulness of defendant's confession was called into question, which is not the case here. Furthermore, Martin presented evidence of an alibi making identification of the defendant a contested issue, whereas there were no challenges here to the defendant's confession except for the issue of the concurrent procedure, and claimed technical *Miranda* violations, which were insubstantial. Defendant did not deny being at the camp with the complaining witness on the weekend in question, so that identification was not a real issue.

A confession standing alone is insufficient to support a conviction without corroborating evidence, but both the circumstances and the confession may be considered in determining whether the whole evidence proves that a crime was committed and that the accused

committed the crime. (*People v. Donalson* (1977), 50 Ill. App. 3d 678, 688.) We conclude on this record that the conviction is supported by proof beyond a reasonable doubt.

The judgment is affirmed.

Affirmed.

WOODWARD and LINDBERG, JJ., concur.