THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MAJOR MEREDITH, Defendant-Appellant.

Fifth District   No. 79-386

Opinion filed August 5, 1980.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Dull, State's Attorney, of Mt. Vernon (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PER CURIAM: The defendant, Major Meredith, was convicted of burglary by a jury in the circuit court of Jefferson County.

The first issue defendant raises on appeal is whether the defendant's conviction must be reversed where he was not afforded a preliminary hearing for 204 days. The information was filed on August 21, 1978. The case was set for trial three times. After the jury was impaneled, defense counsel brought to the court's attention the fact that defendant had neither had a preliminary hearing nor had he been arraigned. The court put the jury in the jury room, conducted a preliminary hearing, found probable cause, and arraigned defendant. Defendant failed to raise the lack of a prompt preliminary hearing in his post-trial motion; therefore, the issue is waived (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856).

We note that our supreme court in *People v. Howell* (1975), 60 Ill. 2d 117, 324 N.E.2d 403, deeply concerned with the violation of defendant's constitutional right to a prompt preliminary hearing (Ill. Const. 1970, art. I, sec. 7), has requested the General Assembly to take appropriate legislative action to implement the constitutional provision. Nevertheless, in the *Howell* case it declined to fashion a remedy for violation of this constitutional right.

■■ Defendant relies on *People v. Kirkley* (3d Dist. 1978), 60 Ill. App. 3d 746, 377 N.E.2d 540, which reversed defendants' convictions because defendants' constitutional rights to a prompt preliminary hearing were violated. The adopted remedy was not authorized by statute or by the supreme court; therefore, there is no remedy for violation of defendant's right to a prompt preliminary hearing despite the action of the Illinois Appellate Court, Third District. In *Kirkley*, "the defendants demanded a preliminary hearing, objected when a scheduled hearing was continued and in their post-trial motion assigned as error their denial of a prompt probable cause hearing." (60 Ill. App. 3d 746, 749, 324 N.E.2d 403.) In the case at bar, defendant did not demand a prompt preliminary hearing and failed to raise the issue in a post-trial motion. In view of the differences in *Kirkley* and the case at bar, we decline to impose the *Kirkley* sanction. In addition, the defendant posted bail when arrested; therefore, he was not incarcerated when his asserted constitutional right was violated. Under the facts it does not appear that the denial of this right deprived the accused of a substantial means of enjoying a fair and impartial trial. (See *People v. Howell*.) Defendant never claimed that the delay hindered the preparation of his defense. He called four witnesses to support his alibi defense, and only one, Mrs. Turner, was not completely sure of the various dates involved.

Defendant also contends that he was not proved guilty beyond a reasonable doubt. Dale Farley, a Mt. Vernon police officer, testified that

he responded to an alarm at Southern Illinois Industries. The alarm sounded at approximately 1 a.m. on August 19, 1978. Two suspects came out of the door, and the officer, who was 8 to 10 feet from the door, shined his flashlight on the subjects. The officer thought they were defendant and John Adam Dupree, both of whom he had known for 20 years. The area around the warehouse was dimly lit. The subjects went back into the warehouse and left through a window. The officer was 60 feet from the window where they emerged. The individuals fit the description of the two men who had previously tried to leave through the door. The men ran to a nearby railroad and jumped in a ditch. By this time police sergeant Ray Payne had come to Farley's assistance. In a loud voice, Farley stated that he was going to fire a few shots into the weeds. Dupree stood up, and Farley asked him where Meredith was. Dupree stated that defendant was in the weeds. However, a search of the weeds by police failed to find the second individual. When asked if Farley could positively identify defendant as being the second suspect in the building, he testified, "Well, I wouldn't bet my life on who they were, but I would have bet my pay day, put it that way."

John Adam Dupree testified that defendant committed the burglary of Southern Illinois Industries. Dupree was on parole for burglary at the time of the offense. He was sentenced to three years' imprisonment on the Southern Illinois Industries burglary, which was to be served concurrently with the burglary on which he was paroled.

Defendant testified that he was in Lebanon, Illinois, on the morning of August 19, 1978. Haywood Turner, who had a grey Vega, had driven him to Lebanon on August 16 in order that defendant could work on Elmer Turner's racing automobile. Defendant stayed in Lebanon for 2½ weeks without returning to Mt. Vernon. On the nights of August 16 and 17, defendant stayed with Haywood and his wife. On the nights of August 18 and 19, defendant stayed with Elmer and his wife. On August 18 at approximately 6 p.m., defendant's mother brought his unemployment check to him. From approximately 7 p.m. on August 18 to approximately 2 a.m. on August 19, defendant was in Elmer Turner's tavern-disco lounge.

Julia Mae Miller, defendant's mother, testified that she took defendant's unemployment check to him in Lebanon on August 19. She arrived at approximately 7:30 p.m. and stayed for approximately one hour before returning to Mt. Vernon. When she saw defendant, who was working on an automobile, he was with Mr. and Mrs. Elmer Turner. Mrs. Miller further testified that she had seen Haywood Turner pick up defendant for the drive to Lebanon. Haywood was driving a new, brown automobile with fancy seats.

Haywood Turner testified that he picked up defendant on

Wednesday in his 1974 grey Vega. Mrs. Miller was present. Wednesday and Thursday, defendant stayed with Haywood. Friday afternoon, the 18th, defendant spent the afternoon shooting pool in Elmer's tavern. He again saw defendant in the tavern from 11 p.m. to 2 a.m.

Elmer Turner testified that he saw defendant on August 18 at 5 p.m. at his tavern, and defendant stayed there until closing time in order to fix the stereo.

Laverne Turner, Haywood's wife, testified that from Wednesday, August 16, through possibly August 18, defendant stayed with Haywood. She saw defendant at Elmer's tavern at 11 p.m. on August 18. On Friday or Saturday, defendant was at Elmer's working on Elmer's automobile.

Elmer and Haywood Turner are brothers and are cousins of defendant's mother.

■■ Defendant contends that he was not proved guilty beyond a reasonable doubt because of Officer Farley's tentative identification and the accomplice's unreliable testimony, which is contrasted to defendant's corroborated alibi. However, the only time we can reverse a finding of fact is when we can say that the findings are based on insufficient evidence or no evidence. Because the jury chose to believe the State's witnesses, even though they could have disbelieved them, is not in and of itself ground for reversal—*i.e.*, it presents no question of law. They were there to try the facts. This they did, and this they had a right to do. (*People v. Claypool* (1972), 6 Ill. App. 3d 620, 285 N.E.2d 200.) We believe that based on the record as summarized above, defendant was proved guilty beyond a reasonable doubt. Defendant's witnesses were uncertain as to who drove defendant to Mt. Vernon, whether his mother visited in Lebanon, and what defendant was doing on the evening prior to the burglary. The foregoing conflicts reflect on their credibility.

Finding that oral argument would be of no assistance to the court in reaching its conclusion and that there is no substantial question presented, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 352(a)).

Affirmed.

KARNS and SPOMER, JJ., took no part in the consideration or decision of this case.