THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GLEN RIDDLE, Defendant-Appellant.

Fifth District    No. 5—84—0439

Opinion filed February 27, 1986.

William R. Pearcy, of Green, Cross & Pearcy, of Nashville, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Glen Riddle, was charged by information with committing the offense of indecent liberties with a child by performing an act of sexual intercourse in violation of section 11—4(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 11—4(a)(1)). After a jury trial in the circuit court of Jefferson County, defendant was convicted and sentenced to six years' imprisonment. Defendant now appeals, contending: (1) that he was denied a prompt preliminary hearing in violation of article I, section 7, of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 7), (2) that he was denied due process when he was not granted a second preliminary hearing after the information was amended to change the date of the offense charged, (3) that he was not proved guilty beyond a reasonable doubt, and (4) that the sentence imposed was excessive. For the reasons which follow, we affirm.

▉ The record shows that defendant was initially charged on February 14, 1983. On February 18, 1983, defendant's attorney entered his appearance, filed a plea of not guilty on defendant's behalf, and made various pretrial motions. Defendant and his attorney first appeared in court on February 28, 1983, at which time defendant's motions were set for hearing on March 14, 1983, and the case was set for trial on June 14, 1983. Defendant waived formal reading of the charges and advised the court of his plea of not guilty. Defendant remained free on bond. Several months later, on May 5, 1983, defendant moved to dismiss the information for failure to provide a prompt preliminary hearing. A preliminary hearing was then conducted on May 9, 1983, 84 days after the information was initially filed. Defendant's motion to dismiss was subsequently denied.

Our constitution provides:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause." (Ill. Const. 1970, art. I, sec. 7.)

The failure to provide defendant a preliminary hearing until 84 days after filing of the information, or to present his case to a grand jury, unquestionably violated the letter and intent of this provision. (*People v. Howell* (1975), 60 Ill. 2d 117, 119, 324 N.E.2d 403, 404.) Nevertheless, dismissal with prejudice is not available to a defendant as a sanction for such a violation. *People v. Holman* (1984), 103 Ill. 2d 133, 155, 469 N.E.2d 119, 129; *People v. Howell* (1975), 60 Ill. 2d

117, 120-22, 324 N.E.2d 403, 404-05; *People v. Meredith* (1980), 86 Ill. App. 3d 1136, 1137, 409 N.E.2d 70, 71.

■■ Our supreme court has held that the fashioning of an appropriate remedy where a prompt preliminary hearing has been denied is a legislative rather than a judicial matter. (*People v. Holman* (1984), 103 Ill. 2d 133, 155, 469 N.E.2d 119, 130.) In 1975, the court specifically requested that the General Assembly address this critical and chronic problem. (See *People v. Howell* (1975), 60 Ill. 2d 117, 123, 324 N.E.2d 403, 406.) Although a statute has recently been enacted which specifies the period within which a preliminary hearing must be held (Ill. Rev. Stat. 1983, ch. 38, par. 109—3.1), the legislature has still not established an appropriate remedy for its violation.

■■ Defendant urges us to follow *People v. Kirkley* (1978), 60 Ill. App. 3d 746, 377 N.E.2d 540, in which the appellate court expressed the view that dismissal of charges with prejudice was the only way to implement the guarantees of article I, section 7 of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 7), given the legislature's failure to specify appropriate sanctions. In that case, an indictment was not returned until 176 days after the defendant's arrest and 148 days after the originally scheduled date for the preliminary hearing, prompting the court to observe that the denial of the constitutional right to a prompt preliminary hearing was the worst that had ever occurred. Here, by contrast, the delay was less than half as long. Although even this delay cannot be condoned, we have previously declined to follow *Kirkley* where much greater periods of time have been involved. (See *People v. Meredith* (1980), 86 Ill. App. 3d 1136, 409 N.E.2d 70 (204 day delay).) Moreover, defendant here posted bond when arrested, he was not incarcerated when his asserted constitutional right was violated, and the delay did not hinder preparation of his defense. (86 Ill. App. 3d 1136, 1137, 409 N.E.2d 70, 71.) Under these circumstances, the trial court did not err in refusing to dismiss the charge against defendant with prejudice.

Two weeks after the trial court denied defendant's motion to dismiss, the State filed an amended information which changed the date of the offense charged from "on or about June or July 1982" to "on or about the 15th day of October, 1982." No further amendments were made. Defendant requested a second preliminary hearing on this amended information, but that request was denied, and the case proceeded to trial. Defendant contends that he was thereby denied due process and that his conviction should be vacated. We disagree.

Section 111—2(f) of the Code of Criminal Procedure of 1963

states:

> "Where the prosecution of a felony is by information or complaint after preliminary hearing \*\*\*, such prosecution may be for all offenses arising from the same transaction or conduct of a defendant even though the complaint or complaints filed at the preliminary hearing charged only one or some of the offenses arising from that transaction or conduct." (Ill. Rev. Stat. 1983, ch. 38, par. 111—2(f).)

Testimony adduced at the preliminary hearing in this case indicated that defendant had engaged in repeated acts of sexual intercourse with Sheila Harrison, the complaining witness, beginning in the summer of 1981 and continuing into 1982. No specific dates were given. The State argues that the offense charged in the amended complaint, alleged to have occurred on October 15, 1982, arose "from the same transaction or conduct" of defendant as was testified to at the preliminary hearing and that the prosecution of defendant for that offense, without a subsequent preliminary hearing, was therefore authorized by section 111—2(f).

The State cites no authority for its position, and we have found none involving analogous facts. We need not reach the applicability of section 111—2(f), however, for even if a second preliminary hearing should have been held on the amended information, we do not believe that denial of such a hearing here mandates reversal of defendant's conviction. The purpose of a preliminary hearing is to ensure that a criminal defendant is not held without a prompt showing of probable cause. (*People v. Redmond* (1977), 67 Ill. 2d 242, 246, 367 N.E.2d 703, 705.) A judicial determination of probable cause as a prerequisite to an extended restraint of liberty following an arrest is required by the fourth amendment to the Federal Constitution (U.S. Const., amend. IV) and by article I, section 7 of our own constitution. (*People v. Thompson* (1980), 91 Ill. App. 3d 1111, 1115, 415 N.E.2d 648, 651; *People v. Redmond* (1977), 67 Ill. 2d 242, 246, 367 N.E.2d 703, 705.) Nevertheless, "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." (*Gerstein v. Pugh* (1975), 420 U.S. 103, 119, 43 L. Ed. 2d 54, 68, 95 S. Ct. 854, 866; *People v. Thompson* (1980), 91 Ill. App. 3d 1111, 1115, 415 N.E.2d 648, 651.

Such a result works no injustice given the facts present here. Approximately three months before the amended information was filed, the State submitted a bill of particulars which set the time

of the offense at "8:00-10:00 p.m. on or about October 15, 1982, November 15, 1982." The amended information merely incorporated the first of these dates. The offense charged, and the details of that offense, remain unchanged. Defendant can therefore claim no surprise, nor can he contend that his ability to formulate his defense was hindered. The thrust of defendant's case, apparently, is that he *never* had sexual intercourse with the complaining witness. No alibi defense was presented; no claim was made that the statute of limitations had expired. Indeed, the specific date of the alleged offense was not basic to any theory or defense advanced on defendant's behalf. (See *People v. Long* (1977), 55 Ill. App. 3d 764, 772, 370 N.E.2d 1315, 1321-22.) Accordingly, the refusal of the trial court to conduct a second preliminary hearing based on the amended information did not deprive defendant of any substantial rights.

■ Defendant next asserts that the evidence was insufficient to support his conviction. Defendant denied the charge. His conviction depended upon the testimony of the complaining witness, Sheila Harrison. In cases of this sort, the law is settled that to establish guilt beyond a reasonable doubt, the complaining witness' testimony must be corroborated, or must be otherwise clear and convincing. (*People v. Boyd* (1980), 87 Ill. App. 3d 978, 982, 409 N.E.2d 392, 397.) Nevertheless, a conviction for indecent liberties will be set aside only when the evidence is so unreasonable, improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (87 Ill. App. 3d 978, 983, 409 N.E.2d 392, 397.) When presented with a challenge to the sufficiency of the evidence, the function of this court is not to retry the defendant. The relevant question on review is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 277.

In this case, the evidence showed that defendant resided in the same home as the complaining witness; her mother, Linda Harrison; and her brother, Donald Harrison. The home was located at 1920 College in Mount Vernon. The complaining witness testified that defendant had sexual intercourse with her at the home in his bedroom and hers. Although she could not remember the dates on which this took place or how often she and defendant engaged in sex, she also stated that she never bothered to count the number of times because there were so many. She recalled that there were times when she, defendant, Donald and Linda Harrison were in bed together. She had sex with defendant. Donald had sex with Linda.

Corroboration was provided by Donald Harrison, who testified that he had personally observed multiple acts of sexual intercourse with defendant and the complaining witness at the home. One incident he recounted occurred in October of 1982, at "about eight o'clock or nine o'clock," when he, his mother, defendant and the complaining witness were in bed together in defendant's bedroom. Donald stated that he had intercourse with his mother, while defendant had sexual intercourse with the complaining witness. There is no dispute that in October of 1982, the complaining witness was a child under the age of 16 and that defendant was approximately 49 years old.

■ Defendant contends that this evidence does not prove him guilty beyond a reasonable doubt because the date of the sexual intercourse between him and the complaining witness as alleged in the information was not clearly established. The general rule in Illinois, however, is that proof of the precise date as alleged is unnecessary unless the allegation of a special time is an essential ingredient of the crime or the running of the statute of limitations is involved. (*People v. Noll* (1982), 109 Ill. App. 3d 306, 308, 440 N.E.2d 335, 337.) As previously discussed, this is not such a case. Proof of a date certain was not basic to establishing defendant's guilt or innocence.

■ Defendant next argues that the complaining witness, a 13-year-old girl, was not competent to testify and that the testimony of Donald Harrison, the corroborating witness, was not credible. With respect to the issue of competency, the standard is whether a child is sufficiently mature to (1) receive correct impressions from his or her senses; (2) recollect these impressions; (3) understand questions and narrate answers intelligently; and (4) appreciate the moral duty to tell the truth. (*People v. Goble* (1976), 41 Ill. App. 3d 491, 497, 354 N.E.2d 108, 113.) The competency of a witness is to be determined by the trial court, and his ruling will not be reversed on appeal absent an abuse of discretion. *People v. Fugate* (1979), 77 Ill. App. 3d 103, 106, 395 N.E.2d 1199, 1202.

■ The trial court here conducted an *in camera* hearing as to the competency of the complaining witness before she was allowed to testify before the jury. Her testimony indicated that she was a good student who would be entering the eighth grade. She was asked a variety of questions including where she lived, what day of the week it was, and whether she attended church. She was able to understand these questions and to answer them. She stated that she had not been threatened, coerced or otherwise induced to give testimony in any certain way. She indicated an understanding of the difference between right and wrong, the meaning of an oath, the obli-

gation to tell the truth and the consequences of lying. Based on this testimony, the trial court found her to be competent. We see no grounds for disturbing this finding.

Defendant protests that the complaining witness' testimony should nevertheless be found incompetent because on cross-examination at trial she refused to respond to certain questions, had difficulty at times explaining what sexual intercourse was, gave some answers which conflicted with the testimony of her brother and admitted to having initially denied sexual contact with defendant while being interviewed at the Mount Vernon police station. Any such problems with her testimony, however, related not to her competency, but to her credibility. (*People v. Goble* (1976), 41 Ill. App. 3d 491, 498, 354 N.E.2d 108, 114.) The credibility of the complaining witness, and that of her brother, Donald, was a question for the jury, as trier of fact. *People v. Allison* (1983), 115 Ill. App. 3d 1038, 1042, 452 N.E.2d 148, 150.

▇▇ Having carefully scrutinized the record, we believe that the jury reasonably could have believed the complaining witness and her brother over defendant's attempts to discredit them. Given their youth, the traumatic and embarrassing nature of the offense, the circumstances under which it was committed (in the family home with the apparent complicity of their mother) and the passage of time since it took place, some discrepancies are perhaps inevitable. Despite these discrepancies, there was substantial agreement on this critical issue: defendant, a person over the age of 17, did have sexual intercourse with the complaining witness, a child under the age of 16, in defendant's bedroom when the corroborating witness and their mother were present. The testimony of the State's witnesses was in our view sufficient to support defendant's conviction.

▇▇ Finally, defendant contends that his sentence should be set aside because it was based upon consideration of improper factors and is excessive. Again we disagree. Defendant's daughter from a previous marriage, Carol McBride, testified at a sentencing hearing that defendant had molested her sexually from the time she was 10 until she was 15, and again when she was 17. This molestation consisted of "Fondling, forcefully type thing, and intercourse twice." Ms. McBride's testimony was relevant, accurate and subject to cross-examination, and was therefore properly considered by the trial court as an aggravating factor, even though defendant was not convicted of any crime stemming from the incidents she reported. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 498-99, 431 N.E.2d 344, 349-50; *People v. Stoutenborough* (1978), 64 Ill. App. 3d 489, 491-93, 381

N.E.2d 415, 419.) In addition to defendant's prior history of sexually molesting Ms. McBride, the trial court also took into account by way of aggravation the lasting psychological harm to the complaining witness. This too was proper. *People v. Simmons* (1985), 138 Ill. App. 3d 492, 501, 485 N.E.2d 1135, 1142-43; *People v. Burton* (1981), 102 Ill. App. 3d 148, 154, 429 N.E.2d 543, 548.

The court noted that defendant had undergone professional counseling in connection with the molestation of Ms. McBride, but that his behavior did not change. The court further took into account a presentence psychiatric report by Dr. Syed Ali, which stated that defendant "at the present time does manifest thinking which might put him in the high risk sex offender [*sic*] if released into the free community at this time." Although defendant had no criminal record and was apparently beginning to express remorse, the court believed that defendant was not unlikely to commit similar offenses in the future, that the offense was an "incredible and unspeakable" one contrary to the morals of society and the laws of this State, and that forced rehabilitation through incarceration was necessary to protect the public and defendant, serve as a deterrent to others, and further the ends of justice.

▪ The imposition of a sentence is a matter of judicial discretion. Absent an abuse of that discretion, the sentence of a trial court may not be altered upon review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882, 883.) We are mindful that this is defendant's first conviction and that, based on the testimony of his character witnesses, he is otherwise a good citizen. Nevertheless, we cannot say that the imposition of a six-year sentence constituted an abuse of discretion based on the facts present here. See *People v. Stoutenborough* (1978), 64 Ill. App. 3d 489, 494, 381 N.E.2d 415, 420.

For the foregoing reasons, the judgment of the circuit court of Jefferson County is affirmed.

Affirmed.

WELCH and JONES, JJ., concur.